UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEFFERY W. LAUGHLIN and RHONDA R. LAUGHLIN,<br><br>          Plaintiffs,<br><br>v.<br><br>MIDCOUNTRY BANK; et al.,<br><br>          Defendants. | 3:10-CV-0294-LRH-VPC<br><br>ORDER |

Before the court is plaintiffs Jeffery W. Laughlin and Rhonda R. Laughlin's ("collectively Laughlins") motion to remand filed on May 20, 2010. Doc. #4.[1] Defendants filed an opposition on June 6, 2010. Doc. #10.

**I.   Facts and Procedural History**

On July 20, 2007, the Laughlins obtained a home equity loan through defendant Midcountry Bank, FSB. The Laughlins defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

Subsequently, on April 9, 2010, the Laughlins filed a complaint again in state court against defendants alleging thirteen causes of action: (1) unfair lending practices; (2) conspiracy to commit fraud; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through

---

[1] Refers to the court's docketing number.

omission; (7) quiet title action; (8) contractual breach of good faith and fair dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust enrichment; and (13) fraud in the inducement. Doc. #1, Exhibit A.

On May 19, 2010, defendants removed the action to federal court on the basis of diversity jurisdiction arguing that defendant Ticor Title-Reno ("Ticor-Reno") is a non-existent and fraudulently joined defendant. Doc. #1. Thereafter, the Laughlins filed the present motion to remand. Doc. #4.

## II.     Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1447(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III.    Discussion

An action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). Here, the Laughlins argue that properly joined defendant Ticor-Reno is the fictitious or operating name of the Reno office of Ticor Title of Nevada, Inc., a Nevada corporation, and is therefore a non-diverse defendant defeating diversity jurisdiction. *See* Doc. #4. In opposition,

2

1  defendants argue that removal is proper because alleged non-diverse defendant Ticor-Reno does
2  not exist and is a fraudulently joined defendant. *See* Doc. ##1, 10.

3  **A. Ticor-Reno**

4  Defendants argue that the defendant entity Ticor-Reno is not a corporation or legal entity
5  domiciled in Nevada. There is no fictitious business name in the City of Reno or County of Washoe
6  listing Ticor Title-Reno. Doc. #10. Further, there is no corporation, limited liability corporation, or
7  other business registered in the State of Nevada listed as Ticor Title-Reno. *Id*. Thus, defendants
8  argue that Ticor-Reno is a non-existent defendant that cannot defeat diversity jurisdiction.

9  The Laughlins argue that they listed Ticor-Reno as a defendant because Ticor Title-Reno
10 was listed as the party requesting electronic recordation of the October 26, 2009 Notice of Default.
11 *See* Doc. #1, Exhibit D. However, they argue that Ticor-Reno is really an alternate operating or
12 fictitious name for the Reno office of Ticor Title of Nevada, Inc. ("Ticor Title"), a Nevada
13 corporation. Based on the record before the court, the court shall grant the Laughlins' request to
14 amend and properly name Ticor Title of Nevada, Inc. aka Ticor-Title Reno as a defendant to be
15 consistent with other recent civil actions listing Ticor-Reno as a defendant. *See e.g.* Washoe
16 District Case CV-10-00808 (recognizing defendant Ticor Title of Nevada, Inc. aka Ticor Title-
17 Reno as the properly named defendant).

18 **B. Fraudulent Joinder**

19 Defendants argue in the alternative that removal was still proper because Ticor-Reno was a
20 fraudulently joined defendant whose diversity should not be considered for purposes of determining
21 jurisdiction.

22 A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v.*
23 *Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff
24 fails to state a cause of action against a resident defendant, and the failure is obvious according to
25 the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*,

26

3

811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v. International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

Nevada is a notice-pleading jurisdiction which liberally construes pleadings. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). The allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

To establish a claim for civil conspiracy, a plaintiff must allege: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, the Laughlins vaguely allege (by referencing all defendants) that Ticor-Reno took part in a conspiracy to deprive them of their property. However, the allegations in the complaint do not set forth any specific action by Ticor-Reno other than requesting recordation of the notice of default. Further, the Laughlins' make repeated reference to the actions of mortgage lenders and mortgage servicers to allege a civil conspiracy, which Ticor-Reno is not. Moreover, there are no specific allegations relating as to how Ticor-Reno joined in the conspiracy, how it participated in the conspiracy, or what actions it took to further the conspiracy.

Accordingly, the court finds that the Laughlins' complaint fails to state a claim for civil conspiracy against Ticor-Reno under the appropriate pleading standards. The court further finds that Ticor-Reno is a fraudulently joined defendant whose Nevada domicile does not defeat the exercise of diversity jurisdiction. *See Ritchey*, 139 F.3d at 1318. Therefore, the court shall deny the Laughlins' motion to remand.

1      IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #4) is DENIED.

2      IT IS FURTHER ORDERED that the clerk of court shall AMEND defendant Ticor Title-

3  Reno to reflect defendant's proper name: Ticor Title of Nevada, Inc. aka Ticor Title-Reno.

4      IT IS FURTHER ORDERED that plaintiffs are directed to properly SERVE defendant Ticor

5  Title of Nevada, Inc. aka Ticor Title-Reno with a copy of the summons and complaint within

6  thirty (30) days of this order.

7      IT IS SO ORDERED.

8      DATED this 1st day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5