1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *
                                         )
9    JEFFERY W. LAUGHLIN and RHONDA R.    )
     LAUGHLIN,                            )
10                                        )              3:10-CV-0294-LRH-VPC
                    Plaintiffs,           )
11                                        )
     v.                                   )              ORDER
12                                        )
     MIDCOUNTRY BANK; et al.,             )
13                                        )
                    Defendants.           )
14   _____  )

15         Before the court is defendants MidCountry Bank ("MidCountry"); Richard A. Hills, Jr.

16   ("Hills"); and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively "moving

17   defendants") motion for summary judgment. Doc. #32[1]. Plaintiffs Jeffery W. Laughlin and Rhonda

18   R. Laughlin (collectively "the Laughlins") filed an opposition (Doc. #34) to which moving

19   defendants replied (Doc. #35).

20   **I.      Facts and Procedural History**

21         On July 20, 2007, the Laughlins obtained a home equity loan through defendant

22   MidCountry. The Laughlins defaulted on the loan and defendants initiated non-judicial foreclosure

23   proceedings.

24         Subsequently, on April 9, 2010, the Laughlins filed a complaint to quiet title against

25

26
     _____
          [1] Refers to the court's docketing number.

1   defendants. Doc. #1, Exhibit A. Defendants removed the action to federal court based upon

2   diversity jurisdiction. Doc. #1. Subsequently, the Laughlins filed an amended complaint alleging

3   eleven causes of action against defendants: (1) injunctive relief; (2) declaratory relief; (3) debt

4   collection violations; (4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923;

5   (5) Nevada Unfair Lending Practices Act, NRS 598D.100; (6) breach of good faith and fair dealing;

6   (7) violation of NRS 107.080; (8) quiet title; (9) fraud through omission; (10) fraud in the

7   inducement; and (11) unjust enrichment. Doc. #18. Thereafter, moving defendants filed the present

8   motion for summary judgment. Doc. #32.

9   **II.   Legal Standard**

10          Summary judgment is appropriate only when "the pleadings, depositions, answers to

11   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

12   genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

13   law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together

14   with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable

15   to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

16   587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

17          The moving party bears the burden of informing the court of the basis for its motion, along

18   with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,

19   477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

20   must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

21   find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

22   1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

23          To successfully rebut a motion for summary judgment, the non-moving party must point to

24   facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson*

25   *Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the

26

1    outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

2    (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is

3    not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material

4    fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for

5    the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of

6    evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

7    there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

8    **III.    Discussion**

9          **A.  Debt Collection Violations**

10         Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal

11   Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here,

12   the Laughlins allege that defendants violated the FDCPA by initiating a non-judicial foreclosure

13   without following the proper procedures for attempting to collect a debt. However, it is undisputed

14   that moving defendants had no interest in the property at the time it was foreclosed upon because

15   MidCountry sold the mortgage note and deed of trust to non-party U.S. Bank Home Mortgage in

16   2007, prior to the Laughlins' default. Because moving defendants took no action in initiating the

17   non-judicial foreclosure in this action, they cannot have violated the FDCPA and accompanying

18   Nevada statute as a matter of law.

19         **B.  Nevada Unfair and Deceptive Trade Practices Act**

20         Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of

21   Nevada without all required state, county or city licenses. NRS 598.0923(1). The Laughlins allege

22   that defendants violated the statute by recording the underlying notice of default without having a

23   state business license. However, it is undisputed that moving defendants took no action in

24   recording the notice of default. Because moving defendants took no action in causing the notice of

25   default to be recorded and there are no allegations that moving defendants did not have all required

26                                                         3

1   licenses at the time the issued the original loan, they cannot have violated the Nevada Unfair and

2   Deceptive Trade Practices Act as a matter of law.

3   **C. Nevada Unfair Lending Practices Act**

4   NRS 598D.100 prohibits lenders from making loans which are commercially unreasonable

5   so that the borrower will be financially unable to repay the loan. NRS 598D.100(1)(b). In their

6   complaint, the Laughlins allege that defendant MidCountry violated the statute by placing them in

7   an "adjustable rate loan" and promising that they would be able to refinance at a better interest rate

8   if the interest rates increased. *See* Doc. #18. However, the undisputed evidence establishes that the

9   Laughlins were provided a thirty-year fixed-rate loan at 6.75% interest based on their financial and

10  credit credentials. Doc. #32, Exhibit 2. Thus, there is no evidence to support the Laughlins' claim

11  that MidCountry violated the Nevada Unfair Lending Practices Act by forcing them into an

12  adjustable rate mortgage that they could not repay. Accordingly, the court shall grant moving

13  defendants' motion as to this issue.

14  **D. Breach of Good Faith and Fair Dealing**

15  Under Nevada law, "[e]very contract imposes upon each party a duty of good faith

16  and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784

17  P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for

18  breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the

19  plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and

20  fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

21  unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

22  *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis*

23  *Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

24  Here, the Laughlins allege that defendants breached the implied covenant because they

25  initiated and completed a non-judicial foreclosure while in the process of considering a loan

26

modification. However, moving defendants were not a party to any loan modification negotiations. At the time of the Laughlins' default, moving defendants had no interest in the property because the mortgage note had been sold to non-party U.S. Bank Home Mortgage. Further, it is undisputed that moving defendants did not take part in any of the foreclosure proceedings. Therefore, the court finds that the Laughlins have failed to establish a claim for breach of the covenants of good faith and fair dealing as to moving defendants.

### E. NRS 107.080

The Laughlins argue that defendants violated NRS 107.080 by not complying with the applicable provisions in NRS 107.086 and 107.087 concerning recordation and mailing of the notice of default. However, it is undisputed that moving defendants took no action in recording the notice of default. Because moving defendants took no action in causing the notice of default to be recorded, they cannot have violated the Nevada recording statutes as a matter of law.

### F. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, moving defendants do not have an interest in the property because their interest was sold to non-party U.S. Bank Home Mortgage prior to the Laughlins' default. Therefore, the Laughlins have no grounds to quiet title against moving defendants.

### G. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, the Laughlins fail to allege anything more than defendants omitted important

5

information from their loan documents and made misrepresentations about their loan during the loan process. However, there are no allegations of who failed to provide the necessary information or what information was not provided. Further, there is no evidence before the court that moving defendants made any fraudulent statements or failed to omit any necessary information during the loan process. Therefore, the court finds that the Laughlins fail to establish a claim for fraud.

**H.  Unjust Enrichment**

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot lie when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, the Laughlins cannot make a claim in equity for actions that are controlled by a contract to which they are parties. *See LeasePartners Corp.*, 942 P.2d at 187-88.

**I.  Injunctive and Declaratory Relief**

Claims for injunctive or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action); *State Farm Mut. Auto. Ins. Co. v. Jafbros Inc.*, 860 P.2d 176, 178 (Nev. 1993) ("[T]he existence of a right violated is a prerequisite to the granting of an injunction."). Here, the Laughlins fail to establish any claim for relief against moving defendants. As such, they are not entitled to injunctive or declaratory relief.

/ / /

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #32) is GRANTED. Defendants MidCountry Bank; Richard A. Hills, Jr.; and Mortgage Electronic Registration Systems, Inc. are DISMISSED as defendants in this action.

IT IS SO ORDERED.

DATED this 31st day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7